## 12152.  BRYAN LAND AND TIMBER COMPANY et al.
### v. SOUTHERN FERTILIZER AND CHEMICAL COMPANY.

A careful examination of the record in this case discloses no error of law. The judge's charge, when considered as a whole, fully eliminates any apparent merit in any exception thereto; and, while the evidence on the issues of fact is in conflict, there is ample evidence to support the verdict.

DECIDED OCTOBER 7, 1921.

Complaint; from city court of Savannah — Judge Freeman. December 6, 1920.

Bryan Land & Timber Company as principal, and J. R. Paschall as indorser, were sued on two promissory notes, a verdict was rendered against them for the full amount of the notes, and their motion for a new trial was overruled. On the trial the defendants assumed the burden of proof, admitting that the plaintiff was entitled to recover the amount sued for unless certain affirmative defenses were sustained. One of these defenses was by the defendant corporation, the maker of the notes. It set up, through the president and treasurer of the corporation, that the notes were without consideration, that they were given for the payment of chemical fertilizer to be used upon the lands of the defendant corporation in Bryan county, and that the fertilizer was not merchantable and reasonably suited to the uses intended, in that it was worthless, being full of injurious and deleterious substances, to wit, rubber, shoe-heels, shoe-bottoms, twenty-penny nails, and similar substances, on account of which condition the fertilizer was not only worthless, but the defendant corporation was greatly damaged in attempting to use the fertilizer; the damages being set out fully in the plea. Paschall, in his answer, adopts as his own the Bryan Land & Timber Company's plea of failure of consideration, and in his plea sets out fully and at great length the damages resulting from the deleterious character of the fertilizer and the attempt to use it on the land of the principal. He says, in addition to this plea and on account of the facts set out, which he did not know at the time when he signed the notes as indorser, that his risk as indorser was increased beyond that contemplated when he indorsed the notes, and therefore he was discharged and released from any

liability.  There was evidence to support both the plea of the principal defendant and that of the indorser.  Besides denying the truth of the defendants' evidence, the plaintiff by voluminous testimony sought to show that the condition of the chemicals was fully known to the defendant corporation at the time of making and delivering the notes, and contended that the giving of the notes, therefore, constituted a waiver of any condition complained of.  The plaintiff further set up that this condition was brought to the minds of the defendant corporation's officers, or some of them, by the agent of the plaintiff, and, after full consultation and negotiations, an accord and satisfaction was effected between the plaintiff and the defendant corporation by the allowance of a credit on the notes, of an amount agreed upon to cover such condition, and the acceptance of this credit as in full accord and satisfaction of the condition of the chemical fertilizer and the resulting damages.  The defendants denied these allegations, and there was much evidence in support and denial of them.

*Travis & Travis,* for plaintiffs in error.

*Seabrook & Kennedy,* contra.

HILL, J.  (After stating the foregoing facts.)  The charge of the court has been carefully read and considered, and the writer of this opinion expresses the view, without reservation, that in his experience he has never considered a charge that more completely, fully, and correctly set out and more clearly and distinctly covered all the rules of law applicable to the evidence in the case than that delivered by the learned judge in the present instance.  Many objections to excerpts from the charge are made in the motion for a new trial, but a careful examination of these exceptions, when they are considered in connection with the entire charge, shows beyond doubt not only that they are entirely without merit, but that the charge as a whole fully conformed to the law claimed to be applicable to the facts by the plaintiff in error.  It would answer no profitable purpose to take up and discuss each of these exceptions.  We therefore conclude that no error of law was committed; the evidence was in conflict on the issues of fact involved, and this court is without jurisdiction to set aside the verdict, which is approved by the trial judge.

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*